UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHRISTOPHER A. L.**[1] ,

    **Plaintiff,**

    v.                                    **Civil Action 3:24-cv-310**
                                                **Judge Walter H. Rice**
                                                **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Christopher A. L., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Period of Disability Benefits, Disability Insurance Benefits. This matter is before the undersigned for a Report and Recommendation ("R&R") on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 8), Plaintiff's Reply (ECF No. 9), and the administrative record (ECF No. 6). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the Commissioner of Social Security's non-disability determination and **OVERRULE** Plaintiff's Statement of Errors.

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.     BACKGROUND

Plaintiff protectively filed his DIB application on May 3, 2023, alleging that he became disabled beginning April 1, 2023. Plaintiff's claims were denied initially and on reconsideration. An Administrative Law Judge ("ALJ") subsequently held a telephonic hearing on July 17, 2024, at which Plaintiff, represented by counsel, appeared. (R. 31–62.) A vocational expert ("VE") also appeared and testified. On August 13, 2024, the ALJ issued an unfavorable determination (*Id*. at 17–26), which became final on October 1, 2024, when the Appeals Council declined review. (*Id.* at 1–6.)

Plaintiff seeks judicial review of that unfavorable determination. He contends that the ALJ committed reversible error when finding that he was able to perform his past relevant work as a security guard. (Pl.'s Statement of Errors 5–9, ECF No. 7.) The undersigned concludes that Plaintiff's contention of error lacks merit.

## II.     THE ALJ's DECISION

The ALJ issued the unfavorable determination on August 13, 2024. He initially determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2027. (R. 20.)

At step one of the sequential evaluation process,[2] the ALJ found that although Plaintiff had worked after his alleged onset date of April 1, 2023, he had not engaged in substantial gainful activity since then. (*Id.*) At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments: heart failure; hypertension; and obesity. (*Id.*) The ALJ also found that Plaintiff had the following non-severe medically determinable impairments: diabetes; hyperlipidemia; sleep apnea; right hearing loss; and an iron deficiency. (*Id.*) The ALJ further found that Plaintiff's alleged back pain was non-medically determinable. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

    1. Is the claimant engaged in substantial gainful activity?

    2. Does the claimant suffer from one or more severe impairments?

    3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

    4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

    5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can lift and carry 20 pounds occasionally, 10 pounds frequently, stand/walk 6 of 8 hours and sit 6 of 8 hours, occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, and must avoid concentrated exposures to unprotected heights, hazardous machinery, extreme heat, humidity, and wetness.

(*Id*. at 21.)

At step four, relying upon the testimony of the VE, the ALJ determined that Plaintiff could perform his past relevant work as a security guard. (*Id.* at 25.) Having found that Plaintiff could perform his past relevant work, the ALJ concluded that Plaintiff was not disabled during the relevant period, and thus, he did not proceed to step-five of the sequential evaluation process.

### III.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Although this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

---

[3] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations" "on a regular and continuing basis." 20 C.F.R. § 404.1545(a)(1), (b)–(c).

Even though the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.     ANALYSIS

As explained above, Plaintiff contends that the ALJ erred at step four by determining that he could perform his past relevant work as a security guard. (Pl.'s Statement of Errors 5–9, ECF No. 7.) The undersigned concludes that this contention lacks merit.

At step four, a claimant has the burden to establish that he is unable to perform his past relevant work given his RFC. 20 C.F.R. § 404.1520(a)(4)(iv); *see also Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010) (explaining that a claimant challenging a finding that she was able to perform past relevant work had "fail[ed] to provide [the court] with the factual record [the court] need[ed] to find in her favor"). When evaluating whether a claimant can perform his past relevant work, an ALJ: (1) will ask the claimant for information about his past work (duties, requirements, etc.); and (2) may consult other sources, such as VE testimony

5

or the *Dictionary of Occupational Titles* ("DOT"). 20 C.F.R. § 404.1560(b); *see also* SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("We may also use VEs and VSs at these steps to resolve complex vocational issues."). "Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT." SSR 00-4p, 2000 WL 1898704, at *2. If an ALJ consults a VE, he must ask the VE if his testimony is consistent with the DOT and, if it is not, ask the VE to explain that conflict. *Id.* And, when such an explanation is given, the ALJ must explain how he resolved the conflict before relying on the VE's testimony. *Id.*

Here, the ALJ asked Plaintiff to describe his past relevant work duties. (R. 38–41.) The VE then classified Plaintiff's past work as a security guard, DOT code 372.667–034.[4] (*Id*. at 58.) The VE testified that this job was classified as "light work" under the DOT and was also performed at the light exertional level by Plaintiff. (*Id*.) The VE further testified that a hypothetical individual with Plaintiff's RFC—limited to light work; only occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; and no concentrated exposure to

---

[4] The DOT provides that a security guard "[g]uards industrial or commercial property against fire, theft, vandalism, and illegal entry." *See* Security Guard, DICOT 372.667-034, 1991 WL 673100. This is achieved by performance of any combination of the following duties:

> Patrols, periodically, buildings and grounds of industrial plant or commercial establishment, docks, logging camp area, or work site. Examines doors, windows, and gates to determine that they are secure. Warns violators of rule infractions, such as loitering, smoking, or carrying forbidden articles, and apprehends or expels miscreants. Inspects equipment and machinery to ascertain if tampering has occurred. Watches for and reports irregularities, such as fire hazards, leaking water pipes, and security doors left unlocked. Observes departing personnel to guard against theft of company property. Sounds alarm or calls police or fire department by telephone in case of fire or presence of unauthorized persons. Permits authorized persons to enter property.

*Id.* In addition, the DOT also sets forth that a security guard:

> May register at watch stations to record time of inspection trips. May record data, such as property damage, unusual occurrences, and malfunctioning of machinery or equipment, for use of supervisory staff. May perform janitorial duties and set thermostatic controls to maintain specified temperature in buildings or cold storage rooms. May tend furnace or boiler. May be deputized to arrest trespassers. May regulate vehicle and pedestrian traffic at plant entrance to maintain orderly flow. May patrol site with guard dog on leash.

*Id.* Other industry specific duties are also included in the DOT.

unprotected heights, hazardous machinery, or extreme environmental conditions—could perform the security guard job. (*Id*. at 58–59.)

The ALJ then asked the VE if his testimony was consistent with the DOT and the Selected Characteristics of Occupations ("SCO"), to which the VE responded, "Yes, sir." (*Id*. at 60.) The VE added that although the DOT and SCO do not differentiate between climbing ramps/stairs and climbing ladders/ropes/scaffolds, the ALJ's hypothetical questions did, but that ladder climbing was typically not a requirement for a security guard position. (*Id*.) The ALJ then permissibly relied on the VE's testimony at step four to find that Plaintiff could perform his past work as a security guard, and thus, that Plaintiff was not disabled. (*Id*. at 25.)

Plaintiff makes several arguments, but none undermine the ALJ's determination. First, Plaintiff does not directly challenge the ALJ's reliance on the VE's testimony to find that he could perform his past relevant work. Instead, he appears to challenge the ALJ's RFC determination, arguing that he should have been limited to sedentary work with allowances for unscheduled breaks. (Pl.'s Statement of Errors 9, ECF No. 7.) But both state agency medical reviewers found that Plaintiff was capable of a range of light work, although one imposed more restrictive climbing limitations. And neither reviewer found a need for unscheduled breaks. The ALJ determined that these prior administrative findings were supported and consistent with the record, and he incorporated them, with the more restrictive climbing limits, into Plaintiff's RFC. Accordingly, the ALJ's determination that Plaintiff could perform a range of light work is supported by substantial evidence—the state agency reviewers' prior administrative findings. Plaintiff does not dispute the ALJ's assessment of the state agency reviewers' findings, which are the only medical opinions in the record.

8

Plaintiff does point out that although the reviewers did not find that he needed a limit for exposure to environmental hazards, the ALJ included such a limit in his RFC. (Pl.'s Statement of Errors 6–7, ECF No. 7.) Plaintiff appears to reason that the ALJ must have included that limit because he credited Plaintiff's testimony that weather worsened his symptoms. (*Id*.) Plaintiff urges that his past relevant work required him to be outside, and therefore, the VE's testimony that a hypothetical person with such an environmental hazard limit could perform his past work was inconsistent with the DOT. (*Id*.)

However, Social Security Ruling 00-4p only requires an ALJ to ask a VE if his testimony is consistent with the DOT—not to independently verify it. SSR 00-4p, 2000 WL 1898704, at *2. The ALJ discharged his duty by asking the VE if his testimony was consistent with the DOT. (R. at 60.) The VE answered in the affirmative. (*Id.*) The ALJ was not required to independently investigate that answer from the VE to determine if it was correct. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013). Rather, to the extent Plaintiff contends that the VE wrongly testified that there was no conflict, it was incumbent upon his counsel to cross-examine the VE "and bring out any conflicts with the DOT." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009); *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 318 (6th Cir. 2020). Plaintiff's counsel did not do so. That failure "is not grounds for relief." *Beinlich*, 345 F. App'x at 168–69 (citing *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008)).

In addition, Plaintiff points out that the VE testified that someone who needed two unscheduled 15-minute breaks per day would be unemployable. (Pl.'s Statement of Errors 6, ECF No. 7.) But the ALJ did not include such a limitation in the RFC, and therefore, he was not

9

required to rely on VE testimony concerning it. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987)).

Finally, Plaintiff cites other evidence, such as his testimony about being reported by coworkers for unscheduled breaks, to support his claim that he should have been limited to sedentary work with allowances for unscheduled breaks. (Pl.'s Statement of Errors 5–9, ECF No. 7.) But even if the record contains evidence that could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. *See Emard*, 953 F.3d 849; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). Such is the case here.

## V.   CONCLUSION and RECOMMENDED DISPOSITION

For all these reasons, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's non-disability determination and **OVERRULE** Plaintiff's Statement of Errors. (ECF No. 7.)

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE