IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER L.[1],                        :

        Plaintiff,                    Case No. 3:24-cv-310

     v.                                    :    Judge Walter H. Rice

COMMISSIONER,                                  Magistrate Judge Chelsey M. Vascura

Social Security Administration,      :

        Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #10) AND OVERRULING THE OBJECTIONS OF PLAINTIFF
CHRISTOPHER L. (DOC. #11) THERETO; THE DECISION OF
DEFENDANT COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION, THAT PLAINTIFF CHRISTOPHER L. WAS NOT
DISABLED, AND THEREFORE NOT ENTITLED TO BENEFITS,
UNDER THE SOCIAL SECURITY ACT IS AFFIRMED; JUDGMENT
SHALL ENTER IN FAVOR OF THE COMMISSIONER AND AGAINST
PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Christopher L. seeks review by this Court of the the decision by the

Administrative Law Judge ("ALJ") of the Defendant Commissioner, Social

Security Administration, that Plaintiff is able to perform past relevant work and,

therefore, is not disabled under Sections 216 and 223 of the Social Security Act

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of
the United States has recommended that, due to significant privacy concerns in social security
cases, federal courts should refer to claimants only by their first names and last initials." General
Order 22-01.

("Act"). (Admin. Record, Doc. #6-2, PAGEID 43, citing 42 U.S.C. §§ 416(i), 423(d)).

On May 22, 2025, Magistrate Judge Chelsey M. Vascura filed a Report and

Recommendations (Report, Doc. #10), recommending that the Commissioner's

decision that Plaintiff was not disabled and, therefore, not entitled to benefits

under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based

upon reasoning and citations of authority set forth in the Report, a thorough *de*

*novo* review of this Court's file, including the Administrative Record (Doc. #6), and

a thorough review of the applicable law, this Court ADOPTS the Report and

Recommendations and OVERRULES Plaintiff's Objections (Doc. #11) thereto. The

Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not

disabled and, therefore, not entitled to benefits under the Act.

## I.    Legal Standards

Under 28 U.S.C. § 636(b), this Court must review *de novo* any timely,

specific objection to a report and recommendations. "The district judge may

accept, reject, or modify the recommended disposition; receive further evidence;

or return the matter to the magistrate judge with instructions." FED.R.CIV.P.

72(b)(3). In reviewing the Commissioner's decision, the Court's task is to

determine if the record as a whole constitutes "substantial evidence" that

supports the Commissioner's finding of non-disability 42 U.S.C. § 405(g). "The

threshold for such evidentiary sufficiency is not high. Substantial evidence, this

Court has said, is more than a mere scintilla. It means—and means only—such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord: Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980), citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008), quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

**II.    Analysis**

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

Plaintiff argues that: (a) the ALJ, in formulating Plaintiff's residual functional capacity ("RFC"), erred in relying upon the state agency reviewers' opinions that

3

he would not need to take unscheduled breaks, when, in fact, he had to do so as part of his past relevant work, and his need to take unscheduled breaks was supported by medical evidence of record.  (Doc. #11, PAGEID 603-04, citing Doc. #6-2, PAGEID 38, 73; Pltf. Brief, Doc. #7, PAGEID 573-74).  The ALJ's error is reversible, Plaintiff argues, because the Commissioner's Vocational Expert ("VE") testified "that an individual who randomly needed to take just two 15-minute unscheduled breaks throughout the workday would be unable to sustain any employment." (*Id.* at PAGEID 604, citing *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-cv-25, 2011 WL 5024866, at *1-3 (N.D. Ohio Oct. 21, 2011); Doc. #6-2, PAGEID 77). Plaintiff also claims that the Magistrate Judge erred in recommending the affirmation of the ALJ's RFC determination and, consequently, finding of non-disability.  (*Id.* at PAGEID 603).

The Commissioner argues that "Plaintiff ignores other significant evidence that . . . supported the ALJ's RFC finding[.]" (Doc. #12, PAGEID 608).  Such evidence, the Commissioner claims, includes "medical records showing that Plaintiff's impairments remained stable on a conservative treatment regimen, Plaintiff's reported activities of daily living, his testimony about his past work, and the prior administrative medical findings of the state agency medical consultants[.]" (*Id.* at PAGEID 608-09, citing Comm'r Resp., Doc. #8, PAGEID 580-85). The Commissioner is correct.  As the Magistrate Judge notes (Doc. #10, PAGEID 599), the ALJ reviewed, found credible, and relied upon the opinions of the state agency medical reviewers, both of whom "indicate[d] the claimant is

4

capable of work at the light exertion" level, and neither of whom opined that

Plaintiff would need to take unscheduled breaks. (Doc. #6-2, PAGEID 41, citing

Reviewing Source Opinions, Doc. #6-3, PAGEID 82-87, 89-94). The ALJ noted the

symptoms alleged by Plaintiff in the Adult Disability Report, but also considered

the lack of external validity for some symptoms (*e.g.,* no independent medical

evidence of neuropathy or tingling in the extremities) and Plaintiff's marked

improvement with a conservative treatment regiment in formulating Plaintiff's

RFC and determining that Plaintiff could return to past relevant work. (*Id.* at

PAGEID 37, 39-42, citing Doc. #6-6, PAGEID 226-31). Finally, the ALJ relied on the

VE's testimony that someone with Plaintiff's RFC could perform Plaintiff's past

relevant work as a security guard. (Doc. #6-2, PAGEID 42, citing Hrg. Tr., Doc. #6-

2, PAGEID 75-76).

In sum, the ALJ built a logical bridge between substantial evidence of

record and his RFC formulation and Step Four determination that Plaintiff could

perform his past relevant work as a security guard. (Doc. #6-2, PAGEID 39-42; *see

also Brumbaugh v. Comm'r of Soc. Sec.*, 989 F. Supp. 2d 690, 699 (S.D. Ohio 2013)

(Rice, J.; Newman, Mag. J.) (brackets omitted) ("As a rule, the ALJ must build an

accurate and logical bridge between the evidence and his or her conclusion.")).

Since substantial evidence supports the ALJ's conclusion that Plaintiff is not

disabled, the Court may not disturb that decision, even if the undersigned would

have come to a different conclusion. *Elkins*, 658 F.2d at 439.

Plaintiff also notes that he has been classified as "Permanently and Totally Disabled" by the Veterans Administration ("VA"). (Doc. #11, PAGEID 605, citing Med. Records, Doc. #6-7, PAGEID 564). However, a determination of disability by the VA or any other federal agency is not binding on the ALJ. 20 C.F.R. § 404.1504, 416.904. While SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006), required an ALJ to consider another agency's disability determination in arriving at his or her own determination, that rule was rescinded, 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017), long before Plaintiff's initial disability filing in 2023. (Doc. #6-2, PAGEID 34). Thus, any failure by the ALJ to address the VA's determination is no longer reversible error, and the VA's determination does not change the fact that the ALJ's decision was supported by substantial evidence and must be affirmed.

For the foregoing reasons, the Magistrate Judge's Report (Doc. #10) is ADOPTED and Plaintiff's Objections thereto (Doc. #11) are OVERRULED. The Commissioner's decision that Plaintiff is not disabled and, therefore, not entitled to benefits is AFFIRMED. Judgment shall enter in favor of the Commissioner and against Plaintiff

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED

6

Date: July 29, 2025

WALTER H. RICE
UNITED STATES DISTRICT JUDGE